UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

2015 JUN 30 PM 2:51

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Cause No.: 1:15-cr |
| NICOLE BROWN, ) | 1:15-cr-0115 WTL-DKL |
| Defendant. ) | |

## PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Cynthia J. Ridgeway, Assistant United States Attorney, and the defendant, NICOLE BROWN, in person and by counsel, Michael J. Donahoe, hereby inform the Court that a Plea Agreement has been reached in this cause pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

1. **Plea of Guilty to the Information**: The defendant agrees to waive formal indictment by a grand jury and agrees to enter a plea of guilty to Counts 1 and 2 of the Information which charge her in Count 1 with Wire Fraud, in violation of Title 18, United States Code, Section 1343, and in Count 2 with False, Fictitious, and Fraudulent Claims, in violation of Title 18, United States Code, Section 287.

2. **Potential Penalties**: Count 1, Wire Fraud, is a violation of Title 18, United States Code, Section 1343 and is a felony punishable by a prison term of not more than 20 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years following any term of imprisonment. Count 2, False, Fictitious, and Fraudulent Claims, is a violation of Title 18, United States Code, Section 287 and is a felony punishable by a prison term of not more than five years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years following any term of imprisonment.

1

3. **Elements of Count 1:** To sustain the offense charged in Count 1, the government must prove the following propositions beyond a reasonable doubt:

    First: That defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations, promises, or omissions;

    Second: That defendant acted with the intent to defraud; and

    Third: That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission or any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

4. **Elements of Count 2:** To sustain the offense charged in Count 2, the government must prove the following propositions beyond a reasonable doubt:

    First: The defendant presented a claim against a department or agency of the United States;

    Second: The claim was false, fictitious, and fraudulent;

    Third: The defendant knew the claim was false, fictitious, fraudulent; and

    Fourth: The defendant acted with the intent to defraud.

## GENERAL PROVISIONS

5. **Rule 11(c)(1)(B):** The defendant understands that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the resulting sentence is within the discretion of the Court. The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw the pleas of guilty for that reason and will be bound by the pleas of guilty.

6. **Presently Known Information:** The defendant understands that this Plea Agreement is based upon the information presently known to the United States Attorney for the Southern District of Indiana.

## SPECIFIC PROVISIONS

7. **Counts of Conviction:** The defendant will enter a plea of Guilty to Count 1 and 2 of the Information.

8. **Sentencing Recommendation Pursuant to Fed. R. Crim. P. 11(c)(1)(B):** The parties have not agreed upon a specific sentence. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter. At the time of sentencing the defendant will be free to request any sentence, including a request for a variance from the guideline range established by the parties' stipulations outlined below.

9. **Government's Recommendation:** In exchange for the concessions in this Plea Agreement, the government will recommend a sentence at the low end of the Sentencing Guidelines range calculated by the Court.

10. **Supervised Release:** Each party may present evidence and arguments concerning the length of the period of supervised release to follow any term of imprisonment.

11. **Conditions of Supervised Release:** The parties reserve the right to present evidence and arguments concerning the terms and conditions of the supervised release.

12. **No Appeal of Supervised Release Term and Conditions:** As discussed in greater detail below, the parties' reservation of the rights to present evidence and arguments to the Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified below, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

13. **Fine:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a fine in this case and the amount of any such fine. The

3

defendant understands that the amount and payment terms of any fine will be determined by the Court. The government agrees to consider the amount of any restitution ordered in making its fine recommendation. However, the government retains the right to determine what effect, if any, the amount of restitution may have in its fine recommendation.

14.  **Mandatory Special Assessment:**  The defendant agrees to pay to the Court at the time of sentencing or as directed by the Court a certified check or money order in the amount of $100 per count, payable to Clerk, United States District Court, which amount represents the mandatory special assessment that must be imposed by the Court and paid by all federal defendants pursuant to 18 U.S.C. § 3013. If the defendant is unable to pay this amount as specified, then she agrees to make payments as ordered by the Court.

15.  **Restitution:**  (A) The defendant, NICOLE BROWN, understands and agrees that the Court will order restitution to the Internal Revenue Service ("IRS") pursuant to 18 U.S.C. § 3663(a)(3) as part of any sentence imposed. The parties will present evidence and argument to the Court as to the amount of restitution that is owed. (B) If the Court orders the defendant to pay restitution to the IRS either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331. (C) The defendant agrees that she will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax and interest that she agrees to pay as restitution. The defendant also agrees to sign IRS Form 8821, "Tax Information Authorization." The defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this Plea Agreement.

4

16. **Fraud Penalty:** The defendant agrees that she may be liable for the fraud penalty under 26 U.S.C. §§ 6663 or 6651(f). The defendant agrees to the immediate assessment of the fraud penalty and agrees that, in order to enable the IRS to make an immediate assessment of the fraud penalty, the IRS form she agreed to sign will include the appropriate amount of the fraud penalty. The defendant agrees not to challenge or dispute any fraud penalties on the amount to be credited to tax set forth in this Plea Agreement.

17. **Tax Liability:** (A) The parties understand that the defendant will receive proper credit for any payments made pursuant to or as a result of this Plea Agreement. Except as set forth in the previous sentence, nothing in this Plea Agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time period(s) covered by this Plea Agreement or any other time period. (B) The defendant agrees that this Plea Agreement, or any judgment, order, release, or satisfaction issued in connection with this Plea Agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period(s) covered by this agreement or any other time period. (C) The defendant understands that she is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the IRS and identified by it as pertaining to her particular liability.

18. **Provisions Regarding Payment:** (A) With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, the defendant will provide the following information:

> a. Defendant's name and social security number;
> b. The district court docket number assigned to this case;
> c. Tax year(s) or period(s) for which restitution has been ordered; and

5

       d. A statement that the payment is being submitted pursuant to the district court's restitution order.

(B) The defendant agrees to include a request that the Clerk of the Court send the information, along with defendant's payments, to the appropriate office of the IRS. (C) The defendant also agrees to send a notice of any payments made pursuant to this Plea Agreement, including the information listed in the previous paragraph, to the IRS at the following address:

      IRS - RACS
      Attn: Mail Stop 6261, Restitution
      333 W. Pershing Ave.
      Kansas City, MO 64108

19. **Amended State Tax Returns:** The defendant agrees to file amended state tax returns for the taxable years covered in this Plea Agreement in whatever jurisdiction may be necessary and cooperate with those jurisdictions to pay any tax, penalties, and interest which may be due and owing. The defendant agrees to provide proof of the filing of said amended returns at the sentencing hearing in this case or as soon as practicable thereafter.

20. **Obligation to Pay Financial Component of Sentence:** If the defendant is unable to pay any financial component of her sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of any ordered supervised release or probation as well as an ordered payment through the Inmate Financial Responsibility Program of the U.S. Bureau of Prisons, if applicable. The defendant has a continuing obligation to pay the financial component of her sentence regardless of how the sentence is determined. The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines and restitution imposed by the Court and authorizes the Financial

Litigation Unit to obtain credit reports relating to the defendant for use in the collection of any fines and restitution.

21.    **Guideline Stipulations**:   Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below.   The parties understand and agree that these Stipulations are binding on the parties, but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case.   The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The parties agree that the applicable Sentencing Guideline for Counts 1 and 2 is U.S.S.G. § 2B1.1 (Economic Crimes).   The parties further agree that Counts 1 and 2 are to be grouped together pursuant to § 3D1.2 (groups of closely related counts are to be grouped together).

    a.    The base offense level is **7** pursuant to § 2B1.1(a)(1).

    b.    The parties agree to present evidence and argument to the Court at the sentencing hearing regarding any applicable increase in the base offense level based on the amount of loss.   The parties understand and agree that the government will be presenting evidence that the base offense level should be increased based on the amount of loss and the parties agree that the aggregate loss is in excess of $70,000.00, and less than $120,000.00 and thus, the base offense level should be increased by **8** levels pursuant to U.S.S.G. § 2B1.1(b)(1)(E).

    c.    The parties agree to present evidence and argument to the Court at the sentencing hearing regarding any applicable increase in the base offense level based on the number of victims involved in the crime.   The parties understand and agree that the government will be presenting evidence that because Count Two involved more than ten victims, the base offense level should be increased by **2** levels pursuant to U.S.S.G. § 2B1.1(b)(2)(A).

    d.    The parties agree to present evidence and argument to the Court at the sentencing hearing regarding whether the defendant violated a position of private trust, or used a special skill, in a manner that significantly facilitated the commission of the offense and therefore, a **2** level enhancement is warrant pursuant to U.S.S.G. § 3B1.3 [Abuse of Trust or Use of Special Skill].

    e.    Were the Court to accept the recommendation of the government, the resulting adjusted based offense level is a level **19**.

7

22.  **Acceptance of Responsibility:**  To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the criminal conduct set forth in the Information.  Based upon defendant's willingness to enter a plea of guilty to the criminal conduct noted in this Plea Agreement, the Government agrees that the defendant should receive a two (2) level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) & (b) up to and including the time of sentencing.  The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently.  After the defendant enters a plea of guilty, the government intends to make a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level.  The parties reserve the right to present evidence and arguments concerning defendant's acceptance of responsibility at the time of sentencing.

23.  **Final Offense Level:**  Based upon all of these stipulations and subject to the Court's findings as set forth in paragraph 21, above, the defendant may face a final offense level of **16**.

## FACTUAL BASIS FOR THE PLEA

24.  The United States of America and the defendant agree and stipulate that the following statement of facts is true and correct beyond a reasonable doubt and need not be proven at the time of plea or sentencing:

A.  Defendant NICOLE BROWN ("BROWN") prepared personal tax returns for clients covering tax filing seasons 2010 through 2012 from her residence located at 6639 Winnock Drive, Indianapolis, Indiana and 12170 Maize Drive, Noblesville, Southern District of Indiana 46060.

B.  Individuals are required to file a U.S. Individual Income Tax Return (Form 1040) each tax year depending upon the amount of income earned, age, and filing status.  If an

individual's income does not meet a minimum amount, there is no tax filing requirement. All persons who submit a tax return are required to attest to the accuracy of the information.

   C. A refundable tax credit is a credit that can reduce tax liability below zero. If the credit exceeds the total tax liability, the excess is refundable to the taxpayer.

   D. The American Opportunity Tax Credit is an education tax credit made available in tax year 2009 through the present. The maximum credit per student is $2,500.00. The credit is available for the first four years of post-secondary education and 40% of the total credit claimed is refundable for many taxpayers, regardless of tax liability.

   E. Defendant BROWN knowingly perpetrated a scheme and artifice to defraud and to obtain monies by means of false and fraudulent pretenses, representations, and promises, which included the material deceptions described below, from the Internal Revenue Service ("IRS"). For tax years 2010, 2011, and 2012, defendant BROWN prepared U.S. Individual Income Tax returns and submitted them electronically in interstate commerce to the IRS.

   F. Defendant BROWN made material false and fraudulent entries on some of her client tax returns as follows: (1) on some of the tax returns, defendant BROWN made fraudulent entries that reduced the client's tax burden and increased the tax refund amounts paid by the IRS. The fraudulent entries included, but were not limited to, claims for tax credits, specifically, the American Opportunity Tax Credit, and (2) on some of the tax returns, defendant BROWN misrepresented that the named clients attested to the accuracy of the claims when, in fact, the clients did not authorize defendant BROWN to submit a claim to the IRS on their behalf. In some instances, the purported clients were imprisoned on the date the return was filed.

   G. Beginning in or around February 14, 2011 and continuing through approximately March 12, 2012, in Marion County and elsewhere within the Southern District of Indiana, defendant BROWN did knowingly execute and attempt to execute a scheme and artifice

to defraud and to obtain monies from the IRS by means of materially false and fraudulent pretenses, representations, and promises, and, in furtherance of such scheme and artifice, transmitted and caused to be transmitted, interstate wire communications in the form of wirings, signs, and signals from 12170 Maize Drive, Noblesville, Southern District of Indiana, to the IRS Service Center located at 2306 E. Bannister Road, Kansas City, Missouri 64131, as set forth below:

| DATE OF WIRE TRANSFER | TAXPAYER | FALSELY CLAIMED AMERICAN OPPORTUNITY CREDIT AMOUNT |
|---|---|---|
| March 3, 2011 | Taxpayer 1 (J.T.) | $2,000.00 |
| February 6, 2012 | Taxpayer 1 (J.T.) | $1,000.00 |
| February 13, 2012 | Taxpayer 2 (B.P.) | $908.00 |
| March 9, 2011 | Taxpayer 3 (M.B.) | $1,000.00 |
| March 12, 2012 | Taxpayer 3 (M.B.) | $2,874.00 |
| March 5, 2012 | Taxpayer 4 (L.B.) | $1,968.00 |
| February 20, 2012 | Taxpayer 5 (C.R.) | $1,000.00 |
| February 13, 2012 | Taxpayer 6 (P.P.) | $1,000.00 |
| February 14, 2011 | Taxpayer 7 (J.H.) | $2,879.00 |
| February 14, 2012 | Taxpayer 7 (J.H.) | $1,941.00 |
| March 12, 2012 | Taxpayer 8 (D.H.) | $839.00 |
| February 27, 2012 | Taxpayer 9 (P.P) | $1,000.00 |
| March 7, 2011 | Taxpayer 10 (L.B.) | $1,000.00 |
| February 27, 2012 | Taxpayer 11 (K.H.) | $1,000.00 |
| March 12, 2012 | Taxpayer 12 (L.L.) | $1,885.00 |

H. Beginning on or about January 14, 2011, and continuing through and including May 7, 2012, in the Southern District of Indiana and elsewhere, defendant BROWN did

10

knowingly present a claim to the Internal Revenue Service, a department or agency of the United States, for money knowing such claim to be false, fictitious, or fraudulent in that the tax payer did not authorize the submission of the tax refund claim, as set forth below:

| FILING DATE OF TAX RETURN | TAXPAYER CLAIMED |
|---|---|
| February 8, 2012 | Taxpayer 13 (D.P.) |
| March 28, 2011 | Taxpayer 13 (D.P) |
| February 13, 2012 | Taxpayer 14 (T.D.) |
| February 21, 2011 | Taxpayer 15 (V.C.) |
| May 7, 2012 | Taxpayer 15 (V.C.) |
| February 19, 2011 | Taxpayer 16 (R.G.) |
| April 23, 2012 | Taxpayer 17 (M.M.) |
| February 7, 2011 | Taxpayer 18 (J.B.) |
| January 17, 2012 | Taxpayer 18 (J.B.) |
| January 25, 2012 | Taxpayer 19 (N.T.) |
| February 7, 2012 | Taxpayer 20 (E.M.) |
| February 8, 2012 | Taxpayer 21 (M.M.) |
| March 5, 2012 | Taxpayer 22 (R.P.) |
| January 14, 2011 | Taxpayer 23 (K.P.) |
| January 18, 2012 | Taxpayer 23 (K.P.) |

## WAIVER OF APPEAL

25.     The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the United States in this Plea Agreement, the defendant agrees to waive the right to appeal regardless of how the sentence is calculated by the Court and the defendant expressly waives the right to appeal the conviction and

claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

## FINAL PROVISION

26. The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the pleas of guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

6/29/15
DATE

Cynthia J. Ridgeway
Assistant United States Attorney

6-29-15
DATE

Winfield D. Ong
Chief, Criminal Division

6-24-15
DATE

NICOLE BROWN
Defendant

6/29/15
DATE

Michael J. Donahoe
Attorney for Defendant

12

## STATEMENT OF THE DEFENDANT

I have read the entire Plea Agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney=s representation during all phases of this case.

I am freely and voluntarily pleading guilty in this case.

I understand that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea(s).

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

Finally, my attorney has informed me, and I understand that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation officer, then the Court may increase my sentence.

6-24-15
DATE

_Nicole Brown_
NICOLE BROWN
Defendant